IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MITCHELL P. ERKELENS II, an individual, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>MILLER BROS. CO., INC., a Utah corporation, and JBS USA, LLC d/b/a JBS SWIFT & COMPANY, a Delaware foreign limited liability company,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL DISMISSAL AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S STIPULATED DISMISSAL OF CLASS ALLEGATIONS AND STATE LAW CAUSE OF ACTION AND STIPULATION ALLOWING PLAINTIFF TO AMEND COMPLAINT<br><br>Case No. 2:10-CV-1250 TS |

    This matter is before the Court on Defendants Miller Brothers Co., Inc. ("Miller Brothers") and JBS USA, LLC d/b/a/ JBS Swift & Company's ("JBS") Motion for Partial Dismissal Pursuant to Fed.R.Civ.P. 12(b)(1) & (6)[1] and Plaintiff Mitchell P. Erkelens II's Stipulated Dismissal of Class Allegations and State Law Cause of Action and Stipulation

---

[1] Docket No. 12.

1

Allowing Plaintiff to Amend Complaint.[2] For the reasons set forth below, the Court will grant Defendant's Motion for Partial Dismissal and grant in part and deny in part Plaintiff's Stipulation.

## I. BACKGROUND

A.     CLAIMS AT ISSUE

Plaintiff Mitchell Erkelens's Amended Complaint[3] alleges that Defendants violated the ADA by discriminating against Plaintiff due to his physical disability. In his Amended Complaint, Plaintiff raised seven causes of action. Defendants filed the instant Motion requesting that Plaintiff's first, second, fifth, and sixth causes of action be dismissed. In response to Defendants' Motion, Plaintiff stipulated to the dismissal of certain claims.[4] Consistent with that stipulation, the Court will dismiss without prejudice: 1) Plaintiff's pattern and practice/class allegations, contained in Plaintiff's first and second causes of action, and 2) Plaintiff's sixth cause of action for intentional interference with economic relations. The parties also stipulated that it was appropriate for Plaintiff to amend his Complaint in accordance with this stipulated dismissal. However, the Court will deny this Motion, as there is no need to amend a complaint solely to remove claims that have been dismissed.

The remaining issues on Defendants' Motion relate to Plaintiff's retaliation and application inquiry claims. Defendants argue that 1) both the retaliation and the application

---

[2] Docket No. 18.

[3] Docket No. 4.

[4] Docket No. 18, at 2.

inquiry claims should be barred for failure to exhaust administrative remedies; 2) Plaintiff has not asserted a claim for relief for the application inquiry under 42 U.S.C. § 12112(d); and 3) if Plaintiff has asserted a claim for relief for the application inquiry under § 12112(d), he does not have standing to assert such a claim.[5]

B.     FACTUAL BACKGROUND

All of the following facts are alleged in Plaintiff's Amended Complaint.[6] Plaintiff worked as a long haul truck driver for Defendant JBS from August 6, 1996, until he was terminated on or about January 15, 2007. On March 2, 2002, Plaintiff suffered an on the job injury that, despite surgery and other medical care, is incapable of full correction and has rendered him disabled within the meaning of the ADA.

Defendant JBS was informed of Plaintiff's condition and permanent physical restrictions by Plaintiff's health care provider as early as June 2003. In light of these restrictions, Defendant JBS made certain accommodations for Plaintiff, such as hiring third parties to unload his truck. Plaintiff also requested that he be assigned routes that would not have inclement weather in order to minimize the possibility that he would have to chain up his truck, as Plaintiff's permanent physical restrictions leave him unable to do so. On two occasions, Plaintiff did need his truck chained up. Defendant JBS helped arrange for a third party to meet Plaintiff and chain up his truck at JBS's expense.

---

[5] Docket No. 20, at 2; *see also* Docket No. 19, at 2–3.

[6] Docket No. 4.

On the second of these occasions, Plaintiff had been dispatched to drive a load to Northern California despite his previous request to only be assigned to southern states during the winter. During this assignment, on or about January 8, 2007, Plaintiff discovered that the California Highway Patrol was requiring trucks to chain up before proceeding along I-80 West to Sacramento. Plaintiff called Defendant JBS, which authorized and paid for a third party to chain up Plaintiff's truck. Plaintiff then renewed his prior accommodation request to David Ledford of Defendant JBS, who was both his immediate supervisor and JBS's Safety Director.

In response to Plaintiff's request, Mr. Ledford informed Plaintiff that JBS would no longer accommodate his disability. Plaintiff objected to this withdrawal of an accommodation that had been provided with only a few exceptions over more than three years, and indicated that he intended to respond by seeking legal counsel. Within two weeks of Plaintiff's request for accommodation, Defendant JBS fired him. In the written termination report, Mr. Ledford states that Plaintiff was fired because he was "unable to fulfill specific job responsibilities." Furthermore, his attitude was evaluated as "marginal," while he was evaluated as "satisfactory" in all other categories. Finally, he was characterized as not eligible for rehire, although JBS has designated other drivers as eligible for rehire.

On or about August 28, 2007, Plaintiff filed a Charge of Discrimination[7] ("Initial Charge") against JBS with the Equal Employment Opportunity Commission ("EEOC"). This Initial Charge, which has been incorporated into Plaintiff's Amended Complaint by reference, states that it was for "discrimination based on" and then had the box checked next to "disability."

---

[7] Docket No. 4 Ex. A, at 2.

No other boxes were checked in this section. Plaintiff also indicated that the latest date that discrimination took place was January 15, 2007, and wrote that the "Particulars" of the Initial Charge were:

> I was employed as a truck driver with the above named Respondent.
>
> Approximately March of 2003, I was involved in an on the job injury of which the Respondent was aware. I underwent surgery during the latter part of 2003. Following the surgery, I was deemed 10% disabled and had restrictions but was able to perform my job. Respondent accommodated my medical condition in terms of assignments and not having to chain up my vehicle. On about January 15, 2007, I was told that the company was not going accommodate [sic] me anymore and that my employment was terminated.
>
> I believe I was discriminated against in violation of the Americans with Disabilities Act of 1990.

Plaintiff alleges that, during the course of the EEOC investigation spurred by Plaintiff's Initial Charge, Defendant JBS provided the EEOC with a "Long Haul Driver Description" to justify Plaintiff's termination. This description included in its listed requirements: being able to chain up a vehicle in inclement weather, being able to load and unload a trailer whenever required, and being able to lift boxes weighing between 60 to 100 lbs. Plaintiff's Amended Complaint also alleges that JBS's Driver Application for Employment contains the following question: "Is there any reason you might be unable to perform the functions of the job for which you have applied [as described in the job description]? If yes, explain if you wish." Due to Plaintiff's permanent disability, he is unable to perform these tasks. He has also indicated that he would like to work for Defendants again, but has not reapplied.

After conducting its investigation, the EEOC issued a Notice of Right to Sue on September 16, 2010. Plaintiff then filed an Amended Charge of Discrimination with the EEOC

("Amended Charge") on December 14, 2010. This Amended Charge stated that it was for "discrimination based on" and had boxes checked next to both "disability" and "retaliation." In the statement of the particulars in the Amended Charge, Plaintiff also alleged that he was retaliated against and how that retaliation occurred. Three days after filing his Amended Charge of Discrimination with the EEOC, Plaintiff filed his Complaint with this Court.

## II. LEGAL STANDARD

A.  RULE 12(B)(1)

"Title I of the ADA requires a plaintiff to exhaust [his] administrative remedies before filing suit. In the Tenth Circuit, exhaustion of administrative remedies is a jurisdictional prerequisite to suit."[8] If this jurisdictional prerequisite is not met, dismissal under Rule 12(b)(1) for lack of subject-matter jurisdiction is appropriate.[9]

B.  RULE 12(B)(6)

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[10] Plaintiffs must provide "enough facts to state a claim to relief that is

---

[8] *Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1183 (10th Cir. 2007).

[9] *See, e.g.*, *Martin v. Cent. States Emblems, Inc.*, 150 F. App'x 852, 856 (10th Cir. 2005) (upholding 12(b)(1) dismissal of a claim for failure to exhaust administrative remedies).

[10] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

plausible on its face,"[11] which requires "more than an unadorned, the-defendant-unlawfully harmed-me accusation."[12] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[13] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[14] As the Court in *Iqbal* stated, "only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief."[15]

When considering the adequacy of a plaintiff's allegations in a complaint subject to a motion to dismiss, a district court not only considers the complaint, but also "documents incorporated into the complaint by reference, and matters of which a court may take judicial

---

[11] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

[12] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

[13] *Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original).

[14] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[15] *Iqbal*, 129 S. Ct. at 1949-50 (alteration in original) (internal quotation marks and citations omitted).

notice."[16] Thus, "notwithstanding the usual rule that a court should consider no evidence beyond the pleadings on a Rule 12(b)(6) motion to dismiss, '[a] district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.'"[17]

III. ANALYSIS

Defendants argue that Plaintiff's retaliation and application inquiry claims should be dismissed. Plaintiff contends that, accepting the allegations in his Amended Complaint as true, viewing them in the light most favorable to Plaintiff, and drawing all reasonable inferences in his favor, he has stated a claim upon which relief may be granted as to each of the claims. The Court will address each of the claims individually.

A. RETALIATION

Defendants argue that Plaintiff's fifth cause of action, a claim for retaliation under 42 U.S.C. § 12203(a), should be dismissed for failure to exhaust administrative remedies.[18] Moreover, Defendants argue that, as the Initial Charge of Discrimination does not reference retaliation, Plaintiff has not exhausted his administrative remedies for his retaliation claim and the claim should thereby be dismissed for lack of subject matter jurisdiction. Plaintiff counters that the Initial Charge filed with the EEOC "contained sufficient information to notify JBS of a

---

[16] *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citing 5B WRIGHT & MILLER § 1357 (3d ed. 2004 and Supp. 2007)).

[17] *Alvarado v. KOBTV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002)).

[18] Docket No. 14, at 14-15.

possible retaliation charge" and "the facts alleged by Mr. Erkelens in the Initial Charge were reasonably sufficient to lead the EEOC to an investigation of retaliation."[19]

"Title I of the ADA requires a plaintiff to exhaust [his] administrative remedies before filing suit. In the Tenth Circuit, exhaustion of administrative remedies is a jurisdictional prerequisite to suit."[20] "[E]ach discrete incident . . . constitutes its own 'unlawful employment practice' for which administrative remedies must be exhausted."[21] However, charges should be construed liberally and need not use the exact legal terms to support an exhaustion of administrative remedies.[22] In *Segura v. Granite Construction Co.*,[23] this Court held that a plaintiff's "retaliation claim [was] reasonably related to another charge of discrimination" filed with the EEOC. In that case, the plaintiff had stated in "the 'Particulars' section of the EEOC charge:" "When I complained to management about the unfair treatment, nothing was done to correct the problem and I was terminated from my position on or about April 22, 2005."[24] The Court reasoned that, as this language itself implies retaliation, "an administrative investigation would reasonably lead to the discovery of the retaliation claim," even though the box for

---

[19] Docket No. 19, at 14.

[20] *Jones*, 502 F.3d at 1183.

[21] *Martinez v. Potter*, 347 F.3d 1208, 1210 (10th Cir. 2003).

[22] *Mitchell v. City and Cnty. of Denver*, 112 F. App'x 662, 667 (10th Cir. 2004).

[23] 193 F. Supp. 2d 1187, 1190–91 (D. Utah 2007).

[24] *Id.* at 1190.

retaliation was left blank and "retaliation" was not specifically mentioned on the form.[25] Therefore, the Court found that "the claim should not be dismissed for lack of jurisdiction."[26]

This same analysis was conducted in *Mitchell v. City and County of Denver*, where the Tenth Circuit stated that "[a] claim is considered 'reasonably related' when 'the conduct complained of would fall within the scope of the [administrative] investigation which can reasonably be expected to grow out of the charge that was made.'"[27] In that case, the plaintiff filed an EEOC charge with a number of claims.[28] However, he did not include a claim for a hostile work environment or racial harassment.[29] The court construed the plaintiff's charge liberally, and then found that "the investigation of his 'failure to promote' claim could not reasonably be expected to lead to" the other claims he brought before the district court.[30] This was because plaintiff had failed to "lay a factual foundation" for his claim and it "[wa]s not a case where [the plaintiff] simply neglected to attach a legal label to his underlying factual allegations." As another case states when discussing this issue, "the question is whether the

---

[25] *Id.*

[26] *Id.* at 1191.

[27] *Mitchell*, 112 F. App'x at 667 (second alteration in original).

[28] *Id.*

[29] *Id.*

[30] *Id.*

entire text of the charge, and not simply the boxes checked or the claims alleged therein, provides sufficient notice of [a] retaliation claim."[31]

This Court must therefore determine whether a claim for retaliation was reasonably related to another charge contained in Plaintiff's Initial Charge filed with the EEOC—essentially, whether the entire text of the charge provides sufficient notice of retaliation, thereby placing retaliation within the reasonably expected scope of an EEOC investigation. "To establish a prima facie case of retaliation, a plaintiff must demonstrate (1) that he engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action."[32]

In this case, Plaintiff alleges discrimination by Defendants, and states in the "Particulars" section of his Initial Charge: how he became disabled, that he was initially accommodated by Defendant Miller Brothers, that: "On about January 15, 2007, I was told that the company was not going accommodate [sic] me anymore and that my employment was terminated," and that he believes this constituted discrimination in violation of the ADA.[33] Even construing Plaintiff's language liberally, he does not suggest, here or elsewhere in the Initial Charge, that he was engaged in "protected opposition to discrimination."

---

[31] *Henke v. Allina Health System*, 698 F. Supp. 2d 1115, 1124 (D. Minn. 2010) (alteration in original).

[32] *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1202 (10th Cir. 2006).

[33] Docket No. 4 Ex. A, at 2.

Plaintiff did file an Amended Charge of Discrimination that clearly alleges retaliation. This Amended Charge was filed with the EEOC on December 17, 2010—over three years after the Initial Charge was filed, almost three months after the right to sue letter was issued on the Initial Charge, and only three days prior to filing this suit. For an amendment to relate back to the original charge, "the amendment must have either clarified or amplified allegations made in [Plaintiff's original] EEOC charge or addressed matters that related to or grew out of the . . . claim in that charge."[34] As 1) the Initial Charge did not suggest retaliation, 2) the retaliation later alleged occurred prior to Plaintiff's filing of the Initial Charge, and 3) the retaliation claim cannot properly be added through the Amended Charge, Plaintiff has not exhausted his administrative remedies and Plaintiff's retaliation claim must be dismissed for lack of subject matter jurisdiction.

B.  APPLICATION INQUIRY

Defendants also argue that Plaintiff's application inquiry claim should be dismissed: 1) because Plaintiff has not exhausted his administrative remedies with respect to this claim; 2) because Plaintiff has not asserted a claim for relief under 42 U.S.C. § 12112(d); and 3) because if Plaintiff has asserted a claim for relief for the application inquiry under § 12112(d), he does not have standing to assert such a claim.[35] Plaintiff's claim is that the following question from Defendants job application is a violation of the ADA: "Is there any reason you might be unable

---

[34] *Simms v. Okla. ex rel Dept. of Mental Health and Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999) (affirming summary judgment on a claim for retaliation that was added in an amended charge, as it did not clarify, amplify, or grow out of the initial discrimination charges).

[35] Docket No. 20, at 2; *see also* Docket No. 19, at 2–3.

to perform the functions of the job for which you have applied [as described in the job description]? If yes, explain if you wish."

1. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Defendants first argue that, like Plaintiff's claim for retaliation, Plaintiff's application inquiry claim should be dismissed for failure to exhaust administrative remedies. If Plaintiff failed to exhaust administrative remedies on this claim, the Court does not have subject matter jurisdiction and it must be dismissed. Plaintiff made no mention of the application inquiry in either his Initial Charge or in his Amended Charge. Furthermore, neither Charge discussed anything relating to applying to work for Defendants, nor is there reason to believe that this claim would be the subject of an EEOC investigation stemming from the charges filed. Plaintiff also seems to concede this point, as he failed to address this issue in his Opposition to Defendant's Motion to Dismiss.[36] As failure to file these claims in a charge before the EEOC constitutes failure to exhaust administrative remedies, the Court finds dismissal of this claim for lack of subject matter jurisdiction appropriate.

2. STANDING TO ASSERT THE CLAIM

Defendants also argue that this claim should be dismissed because Plaintiff lacks standing. To properly bring a claim for a violation of the ADA, a plaintiff must show that he was injured as a result of the violation.[37] Citing a district court decision with which it agreed, the Tenth Circuit stated that "merely being ask[ed] [an] impermissible question is not sufficient,

---

[36] Docket No. 19.

[37] *Griffin v. Steeltek, Inc.*, 261 F.3d 1026, 1028-29 (10th Cir. 2001).

by itself, to inflict a cognizable injury."[38] Plaintiff argues that he "is at risk for 'cognizable injury' as a result of JBS's unlawful policy," as he could be harmed by future violations.[39] As Plaintiff correctly notes, "[t]he Supreme Court has consistently recognized that threatened rather than actual injury can satisfy Article III standing requirements."[40]

However, Plaintiff's Amended Complaint does not allege facts suggesting that Plaintiff is threatened with injury as a result of the application inquiry. Although Plaintiff's Amended Complaint expresses Plaintiff's desire to be reinstated in his position,[41] he has not reapplied to work for Defendants and has not stated in his Amended Complaint that he plans to do so. Furthermore, 1) Plaintiff is already characterized as ineligible for rehire and 2) Defendants are already aware of his disability. These facts lead the Court to conclude that, if Plaintiff were to reapply and was rejected, it would not be as a result of the allegedly impermissible question. Finally, Plaintiff cannot allege that he was injured by having to answer this question when he first applied to work for Defendants because he was hired and therefore suffered no injury as a result of this question. For these reasons, the Court also finds that Plaintiff's improper application inquiry claim will be dismissed for lack of standing.

---

[38] *Id.* at 1028 (first alternation in original).

[39] Docket No. 19, at 27.

[40] *Friends of the Earth, Inc. v. Gaston Copper Recycling Corp.*, 204 F.3d 149, 160 (4th Cir. 2000) (en banc).

[41] Docket No. 4, at 24 ¶ J.

## IV. CONCLUSION

Based on the foregoing, it is therefore

ORDERED that Plaintiff's Stipulated Dismissal of Class Allegations and State Law Cause of Action and Stipulation Allowing Plaintiff to Amend Complaint (Docket No. 18) is GRANTED IN PART and DENIED IN PART. It is further

ORDERED that Defendant's Motion for Partial Dismissal Pursuant to Fed.R.Civ.P. 12(b)(1) & (6) (Docket No. 12) is GRANTED.

DATED   October 28, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge