IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MITCHELL P. ERKELENS II<br><br>    Plaintiff,<br><br><br><br>vs.<br><br><br><br>MILLER BROS CO., INC., and JBS USA, LLC d/b/a/ JBS SWIFT & COMPANY,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS WITHOUT PREJUDICE<br><br><br><br><br><br>Case No. 2:10-CV-1250 TS |

This matter is before the Court on Defendants Miller Bros. Co., Inc. and JBS USA, LLC d/b/a JBS Swift & Company's (collectively "Defendants") Motion to Dismiss for Failure to Prosecute.[1]  For the reasons set forth below, the Court will deny the Motion.

Defendants move the Court to dismiss Plaintiff's Complaint pursuant to Fed.R.Civ.P. 37(b)(2)(A)(v) and 41(b) for failure to diligently prosecute this action.

> Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action with prejudice if the plaintiff fails "to comply with [the Federal Rules of Civil Procedure] or any order of court."  A district court may dismiss an action under Rule 41(b) after finding that certain enumerated criteria support a dismissal. These criteria include "(1) the degree of actual prejudice to the defendant; (2) the

---

[1]Docket No. 38.

amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."[2]

Defendants contend that, since the withdrawal of Plaintiff's former counsel, Plaintiff has repeatedly failed to comply with discovery deadlines in this case.  Despite Defendants' repeated requests, Plaintiff has also failed to provide his Rule 26(a) disclosures, which were due February 19, 2012. Furthermore, Plaintiff has not responded to the instant Motion to Dismiss.

Although Plaintiff's repeated failures to comply with discovery deadlines and lack of response to Defendants' Motion to Dismiss could provide grounds for dismissal, the Court has not yet "warned [Plaintiff] in advance that dismissal of the action would be a likely sanction for noncompliance."[3]  Plaintiff is hereby put on notice that failure to diligently prosecute this matter in the future may result in sanctions, including terminating sanctions.  Plaintiff is also instructed to show cause as to why the above captioned case should not be dismissed for Plaintiff's failure to prosecute.

It is therefore

ORDERED that Defendants' Motion to Dismiss for Failure to Prosecute (Docket No. 38) is DENIED WITHOUT PREJUDICE.  It is further

ORDERED that Plaintiff show cause why the above captioned case should not be dismissed.  Plaintiff is directed to respond in writing within 14 days from the date of this Order

---

[2] *Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003) (quoting *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994)).

[3] *Id.*

and inform the Court of the status of the case and his intentions to proceed. Failure to do so will result in dismissal of the case.

DATED   August 2, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge