IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MITCHELL P. ERKELENS II,<br><br>Plaintiff,<br><br>vs.<br><br>MILLER BROS. CO., INC., and JBS USA, LLC d/b/a JBS SWIFT & COMPANY,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO VACATE FINAL PRE-TRIAL CONFERENCE AND VACATING THE TRIAL DATE<br><br>Case No. 2:10-CV-1250 TS |

This matter is before the Court on Defendants' Motion to Vacate Final Pre-Trial Conference. For the reasons set forth below, the Court will grant the Defendants' Motion and vacate the final pre-trial conference and trial dates.

Plaintiff filed his original Complaint in this matter on December 17, 2010. At that time Plaintiff was represented by counsel and proceeded to litigate the case normally. However, on October 31, 2011, the Court issued an order dismissing many of Plaintiff's claims.[1] Shortly

---

[1] Docket No. 26.

afterwards, on January 13, 2012, Plaintiff's counsel filed a motion to withdraw as counsel, which the Court granted on January 17, 2012.[2]

On January 26, 2012, Plaintiff appeared pro se at a status conference and stated that he planned on hiring a new attorney.[3] To this point he has not done so. In fact, Plaintiff has done little to move this case forward since the January 26 scheduling conference. Although the deadline for initial disclosures was February 29, 2012, Plaintiff has not yet provided any initial disclosures to Defendants. On May 24, 2012, Defendants filed a motion to compel disclosures and discovery responses, and on June 29, 2012, Defendants filed a motion to dismiss for failure to prosecute. Plaintiff has not briefed any motions filed before the Court since he appeared pro se on January 26, 2012.

On August 3, 2012, this Court denied without prejudice Defendants' motion to dismiss on the grounds that Plaintiff had not been adequately warned that a failure to diligently prosecute may result in terminating sanctions.[4] The Court then ordered the Plaintiff to show cause as to why the case should not be dismissed and warned the Plaintiff that "failure to diligently prosecute this matter in the future may result in sanctions, including terminating sanctions."[5]

Plaintiff responded to the Court's order on August 14, 2012, stating that he is actively seeking counsel to advise him on discovery obligations, that he has provided supplemental

---

[2] Docket No. 29.

[3] Docket No. 30.

[4] Docket No. 43, at 2.

[5] *Id.*

responses to discovery requests, and that he intends to hire new counsel.[6]  To date Plaintiff has not hired new counsel.

As a result of Plaintiff's failure to comply with discovery requirements, Defendants do not yet have Plaintiff's initial disclosures or other basic discovery information.  Defendants have been unable to depose Plaintiff or adequately investigate Plaintiff's claims.  Without this discovery information it would be prejudicial to Defendants to allow this case to proceed to trial in October.  The Court will therefore vacate the final pretrial conference and trial dates.

In a prior order the Court unambiguously warned Plaintiff that failure to diligently prosecute this matter could result in terminating sanctions.  The Court repeats that warning here.  A failure to diligently prosecute this matter, including responding to Defendants' outstanding motion to dismiss, may result in termination of this case.

It is therefore

ORDERED that Defendants' Motion to Vacate Final Pre-Trial Conference (Docket No. 45) is GRANTED.  The final pretrial conference set for October 18, 2012, and trial date of October 29, 2012, are hereby  vacated.

DATED   October 16, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[6]Docket No. 44.